# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| H. KEVIN INGRAM, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION And SPENCER GIFTS, LLC,<br><br>Defendants. | Case No. 04-2717-D |

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND

Before the Court is the motion of H. Kevin Ingram ("Plaintiff"), on behalf of himself and all others similarly situated, to remand the instant action to the Circuit Court of Shelby County ("state court"), Tennessee. Exxon Mobil Corporation and Spencer Gifts, LLC, ("Defendants") oppose the motion, asserting that diversity jurisdiction exists. For the following reasons, the Court denies Plaintiff's motion for remand.

## I.  PROCEDURAL BACKGROUND

On August 6, 2004, Plaintiff filed a class action complaint against Defendants in state court. The complaint asserted claims for breach of implied warranty of merchantability and negligence on behalf of Plaintiff and other class members who purchased poisonous lead-containing children's jewelry. The complaint further provided that "neither Plaintiff nor any class member asserts a claim in excess of $75,000, exclusive of interest and costs." Compl. ¶ 7. The complaint continued to demand "judgment to be determined by a jury, for all incidental, consequential, compensatory and

This document entered on the docket sheet In compliance
 58 and/or 79(a) FRCP on _____



punitive damages. . . ." Id. at 10. On September 10, 2004, Defendants filed a notice of removal, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Thereafter, Plaintiff filed the instant motion to remand the action from this Court to the state court.

## II. STANDARD OF LAW

A case originally filed in state court may be removed to federal court pursuant to 28 U.S.C. § 1441. Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." If an action is removed, a federal court may hear the case if the court has subject matter jurisdiction. 28 U.S.C. § 1441.

The removing party carries the burden of showing that removal is proper. See Pullman v. Jenkins, 305 U.S. 534, 540 (1939); Her Majesty the Queen v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989). Any doubt as to whether the removal is proper should be resolved in favor of remand to state court. See 28 U.S.C. § 1447(c); see also Union Planters Nat'l Bank v. CBS, Inc., 557 F.2d 84, 89 (6th Cir. 1977).

## III. ANALYSIS

Plaintiff asserts that the Court should remand the instant action to the state court because Defendants failed to establish the amount in controversy requirement of 28 U.S.C. § 1332. Title 28, Section 1332 of the United States Code requires that the amount in controversy be "in excess of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The burden is on the removing party to establish that the amount in controversy exceeds the jurisdictional limit. Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993). When the complaint asserts an amount in controversy below

the jurisdictional amount, the removing party must show "that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement." Rogers v. WalMart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000) (citing Gafford, 997 F.2d at 158).

Defendants assert that they have met their burden for removal, based on Plaintiff's demand in the complaint for recovery of "all incidental, consequential, compensatory and punitive damages." Defendants contend that, in light of Tenn. R. Civ. P. 54.03, the complaint "more likely than not" seeks more than $75,000, despite the language in the complaint disavowing damages in excess of $75,000.

Rule 54.03 provides that except in the case of default judgment, "every final judgment shall grant relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Tenn. R. Civ. P. 54.03. The United States Court of Appeals for the Sixth Circuit has held that Tenn. R. Civ. P. 54.03 may "enable a plaintiff to claim in her complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount prayed for." Rogers, 230 F.3d at 871 (citing Gafford, 997 F.2d at 157). For instance, in Rogers, the plaintiff sought to recover damages "not exceeding $75,000." Id. at 870. The court determined, however, that the defendant established that the amount in controversy was "more likely than not" above the amount pleaded, in light of Tenn. R. Civ. P. 54.03. Id. at 872. Likewise, in Jackson v. Johnson & Johnson, Inc., 2001 WL 34048067 (W.D. Tenn. 2001), this Court determined that "because the [p]laintiffs [] requested open-ended relief, the [p]laintiffs [were] not precluded from recovering more than $75,000," despite the stipulations of the plaintiffs that their claims did not exceed $75,000. Jackson, 2001 WL 34048067 at *3. The complaint in Jackson stated that the plaintiffs sought "such other extraordinary, declaratory and/or

3

injunctive relief as permitted by law" and "such further relief as this Court deems necessary, just, and proper." Id. Considering Tenn. R. Civ. P. 54.03, the Court held that despite the stipulations of the plaintiffs, the defendants "met the amount in controversy requirement." Id.

Similarly, Defendants in the instant action assert that the open-ended relief sought by Plaintiff, coupled with Plaintiff's allegation that Defendants "breached [their] duty to refrain from selling items they either knew or should have known were dangerous when used as intended," establishes that at the time of removal it was more likely than not that the action met the amount in controversy requirement of 28 U.S.C. § 1332. As Defendants point out, Plaintiff could have stated that he sought no more than "$75,000 for incidental, consequential, compensatory, and punitive damages." The complaint, however, seeks a "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages." In light of Tenn. R. Civ. P. 54.03, the Court finds that Defendants have established that at the time of removal the amount in controversy was "more likely than not" more than $75,000. Accordingly, the Court **DENIES** Plaintiff's motion for remand.

**IT IS SO ORDERED** this 25 day of April, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 25 in case 2:04-CV-02717 was distributed by fax, mail, or direct printing on April 28, 2005 to the parties listed.

---

Ashley M. Barrington
WOOLF MCCLANE BRIGHT ALLEN & CARPENTER
900 Riverview Tower
900 South Gay St.
Knoxville, TN 37902

D. Frank Davis
THE RENFROE LAW FIRM
P.O. Box 770095
Memphis, TN 38177--009

Howard E. Jarvis
WOOLF MCCLANE BRIGHT ALLEN & CARPENTER, PLLC
900 S. Gay St.
Ste. 900
Knoxville, TN 37902--181

John E. Norris
THE RENFROE LAW FIRM
P.O. Box 770095
Memphis, TN 38177--009

Shelia B. Renfroe
THE RENFROE LAW FIRM, PLLC
P.O. Box 770095
Memphis, TN 38177--009

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT